**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-4388**

---

UNITED STATES OF AMERICA,

                                  Plaintiff - Appellee,

      versus

DARREN OLIVER ROBINSON, a/k/a Stretch, a/k/a
Desaun Talib Bethel,

                                  Defendant - Appellant.

---

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. W. Craig Broadwater, District Judge. (CR-04-52)

---

Submitted: July 13, 2005                  Decided: July 28, 2005

---

Before LUTTIG, MOTZ, and GREGORY, Circuit Judges.

---

Remanded by unpublished per curiam opinion.

---

Jacqueline Ann Hallinan, HALLINAN LAW OFFICES, PLLC, Charleston, West Virginia, for Appellant. Thomas Edward Johnston, United States Attorney, Wheeling, West Virginia, Thomas Oliver Mucklow, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Darren Oliver Robinson seeks to appeal his conviction for possession with intent to distribute cocaine base and his 202-month sentence of imprisonment.  In criminal cases, the defendant must file an appeal within ten days of the entry of judgment or the notice of appeal by the government.  Fed. R. App. P. 4(b)(1)(A).  When a notice of appeal is filed within thirty days of the expiration of the appeal period, the district court may grant an extension, with or without a motion, upon a showing of excusable neglect or good cause.  Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 352-53 (4th Cir. 1985).

The district court entered its judgment on February 16, 2005.  Under Rule 4(b)(1)(A), Robinson had ten days, or until March 3, 2005, to file a notice of appeal.[1]  Under Houston v. Lack, 487 U.S. 266 (1988), the notice of appeal was filed on April 4, 2005, which was after the ten-day period expired but within the thirty-day excusable neglect period.[2]  Because the notice of appeal was filed within the excusable neglect period, we remand the case

---

[1]See Fed. R. App. P. 26(a)(2) (providing that intermediate Saturdays, Sundays, and legal holidays are excluded when period is less than eleven days).

[2]The notice of appeal was date stamped and entered by the district court on April 6, 2005, but the notice also contained a second date stamp reflecting a date of April 4, 2005, thereby suggesting Robinson had delivered it to prison officials for mailing prior to the expiration of the thirty-day excusable neglect period.

to the district court for the court to determine whether Robinson has shown excusable neglect or good cause warranting an extension of the ten-day appeal period. The record, as supplemented, will then be returned to this court for further consideration. We also defer ruling on the United States' motion to dismiss the appeal pending the district court's determination. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

REMANDED